IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | : | |
|---|---|---|
| **JEFF HUTCHINSON,** | : | |
| | : | Case No. 2:23-CV-3000 |
| **Plaintiff,** | : | |
| | : | **Judge Algenon L. Marbley** |
| v. | : | |
| | : | **Magistrate Judge Chelsey M. Vascura** |
| **BYERS AUTO GROUP,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

| | : | |
|---|---|---|
| **KEITH CORDOVA,** | : | |
| | : | Case No. 2:24-cv-3009 |
| | : | |
| **Plaintiff,** | : | **Judge Algenon L. Marbley** |
| | : | |
| v. | : | **Magistrate Judge Chelsey M. Vascura** |
| | : | |
| **BYERS AUTO GROUP,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

| | : | |
|---|---|---|
| **PATRICK BILES,** | : | |
| | : | Case No. 2:23-CV-3015 |
| **Plaintiff,** | : | |
| | : | **Judge Algenon L. Marbley** |
| v. | : | |
| | : | **Magistrate Judge Chelsey M. Vascura** |
| **BYERS AUTO GROUP,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

## **OPINION & ORDER**

This matter comes before this Court on Defendant Byer Auto Group's motions to consolidate three related cases. (*Hutchinson v. Byers Auto Group*, No. 2:23-CV-3000, ECF No. 23; *Cordova v. Byers Auto Group*, No. 2:23-CV-3009, ECF No. 20; *Biles v. Byers Auto Group*,

1

Case No. 2:23-CV-3015, ECF No. 24).[1]  For the reasons set forth below, the motions are **GRANTED**.

## I.    BACKGROUND

Plaintiffs Jeff Hutchison, Keith Cordova, and Patrick Biles are former employees of the Byers Subaru store, owned by Defendant Byers Auto Group ("Byers").  After Byers terminated their employment in early 2023, Plaintiffs brought complaints with the Equal Employment Opportunity Commission ("EEOC").  Following an investigation, the EEOC issued each plaintiff a right-to-sue letter.  On September 19, 2023, Mr. Hutchinson and Mr. Cordova sued Byers in this Court, alleging age and disability discrimination under Ohio Rev. Code § 4112.02, disability discrimination under the Americans with Disabilities Act, 42 U.S.C. 1201, *et seq.*, ("ADA"), and age discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. 621*, et seq.*, ("ADEA").[2] Mr. Biles sued Byers a day later, raising the same four claims as Mr. Hutchinson and Mr. Cordova, with a fifth claim of interference with the Family and Medical Leave Act ("FMLA").[3]

Defendant Byers filed its answer in each case in November 2023.[4]  In March 2025, Defendant moved to consolidate the cases for trial.[5]  Each plaintiff has responded, stating that he does not object to consolidation.[6]

---

[1] Unless otherwise specified, all referenced filings are on the docket of *Hutchinson v. Byers Auto Group*, No. 2:23-CV-3000 (S.D. Ohio).
[2] *See* ECF Nos. 1; 23-5; 23-6 (Compl., *Cordova v. Byers Auto Group*, No. 2:23-CV-3009, ECF No. 1).
[3] ECF No. 23-7 (Compl., *Biles v. Byers Auto Group*, No. 2:23-CV-3015, ECF No. 1).
[4] *See* ECF No. 3; *Cordova*, No. 2:23-CV-3009, ECF No. 3; *Biles*, No. 2:23-CV-3015, ECF No. 3.
[5] *See* ECF No. 23; *Cordova*, No. 2:23-CV-3009, ECF No. 20; *Biles*, No. 2:23-CV-3015, ECF No. 24.
[6] *See* ECF No. 26; *Cordova*, No. 2:23-CV-3009, ECF No. 22; *Biles*, No. 2:23-CV-3015, ECF No. 26.

## II.     Standard of Review

Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The purpose of consolidation is "to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (internal quotation marks and citation omitted). Before ordering consolidation, however, a court must consider several factors:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (internal quotation marks and citation omitted). Consolidation is inappropriate if it results in "unavoidable prejudice or unfair advantage." *Id*. Additionally, if the gains in judicial efficiency and economy are slight, "the risk of prejudice to a party must be viewed with even greater scrutiny." *Id*. "Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial judge." *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965).

## III.    LAW & ANALYSIS

Defendant Byers contends that the three cases should be consolidated for trial because they arise from interrelated facts and circumstances.  Byers also argues that consolidation would serve the goals of judicial economy and efficiency; conserve judicial resources; and avoid inconsistency in adjudication.  Plaintiffs Hutchison, Cordova, and Biles do not object to consolidation, with

3

Cordova and Biles further "agree[ing] that the cases should be consolidated for purposes of trial . . . ." *See e.g., Biles*, No. 2:23-CV-3015, ECF No. 24.

### A. Common Questions of Law or Fact

"Rule 42 gives the Court discretion to consolidate as long as there are *some* common questions of law or fact." *Guild Assocs., Inc. v. Bio-Energy (Washington), LLC*, 309 F.R.D. 436, 440 (S.D. Ohio 2015). In each of the three cases, the plaintiff is a former Byers employee who was terminated within the first few months in 2023 based on an alleged common pattern and practice of age and disability discrimination. (*See e.g.*, ECF No. 23-5 ¶ 61 ("Defendant discriminated against Plaintiff because of his age by abruptly terminating Plaintiff on March 13, 2023."); ECF No. 23-6 ¶ 61 ("Defendant discriminated against Plaintiff because of his age by abruptly terminating Plaintiff on March 13, 2023."); ECF No. 23-7 ¶ 60 ("Defendant discriminated against Plaintiff on the basis of his age by abruptly terminating Plaintiff on January 16, 2023.").

Plaintiffs further reference one another, alleging that the terminations were triggered by similar factual circumstances. (*See e.g.,* ECF No. 23-5 ¶ 14 ("Defendant terminated three other long-term employees within the protected class based on age in close temporal proximity under similar circumstances."); ECF No. 23-6 ¶ 27 (same); ECF No. 23-7 ¶ 28 ("Shortly after his termination, Plaintiff discovered that three other employees in the protected class based on age and disability had also been terminated by Defendant under similar circumstances.").

Each action also raises the same four legal claims of age and disability discrimination under federal and Ohio law. (*See generally*, ECF Nos. 23-5, 23-6, 23-7). Although Biles brings an additional FMLA claim, that alone does not defeat consolidation. *See Guild Assocs.*, 309 F.R.D. at 440 ("For purposes of Rule 42 consolidation, questions of law and fact need not be identical . . . ." (citation omitted)); *see also Doe One v. Caremark*, L.L.C., No. 2:18-CV-238, 2019 WL 250968, at *2 (S.D. Ohio Jan. 17, 2019) ("*Doe II* alleges other violations of Ohio law . . . .

But the fact that *Doe II* Plaintiff brings claims not asserted by *Doe I* Plaintiffs does not bar consolidation."). Because the three cases allege the same core facts and bring similar claims for relief against the same defendant, the cases share common questions of fact or law for purposes of Rule 42 consolidation.

## B. Judicial Efficiency and Risk of Prejudice

Having determined that the cases share common issues of law or fact, this Court next considers whether "the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives" outweigh any "specific risks of prejudice and possible confusion" caused by consolidation. *Cantrell*, 999 F.2d at 1011; *see* Fed. R. Civ. P. 42(a).

Here, all three actions are at similar stages in their respective litigations, and Plaintiffs have no objection to consolidation.[7] The resolution of the three cases will also require substantially the same witnesses and other evidence. (*See* ECF No. 23 at 8 ("[C]ounsel informally agreed to allow each deponent to be deposed a single time and for each deposition to be available in all three cases."); *see also* ECF Nos. 23-1, 23-2, 23-3 (identical witness disclosures)). Moreover, trying these cases separately poses the danger of inconsistent adjudication of common factual and legal issues. Thus, consolidating the cases for trial would promote efficiency, avoid duplication of judicial efforts, and ensure consistent outcomes. Because the benefit of expedience and conservation of judicial resources outweighs the possibility of prejudice and jury confusion, consolidating the three cases for trial is appropriate.

---

[7] *See* ECF No. 26; *Cordova*, No. 2:23-CV-3009, ECF No. 22; *Biles*, No. 2:23-CV-3015, ECF No. 26.

## IV. CONCLUSION

For the reasons set forth above, this Court **GRANTS** Defendant's motions to consolidate. (*Hutchison*, No. 2:23-CV-3000, ECF No. 23; *Cordova*, No. 2:23-CV-3009, ECF No. 20; *Biles*, No. 2:23-CV-3015, ECF No. 23).

The following three actions are hereby consolidated for trial under Fed. R. Civ. P. 42(a): *Hutchinson v. Byers Auto Group*, Case No. 2:23-CV-3000; *Cordova v. Byers Auto Group*, No. 2:23-CV-3009; *Biles v. Byers Auto Group*, Case No. 2:23-CV-3015.

The earlier-filed case—*Hutchinson v. Byers Auto Group*, Case No. 2:23-CV-3000—is to be designated the lead case, and all future filings related to trial shall be submitted under that caption.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　_____
**ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE**

**DATED:  June 10, 2025**